HENRY GREEN AND CASPAR GREEN, PLAINTIFFS IN
ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN
ERROR.

1. It is error to admit in evidence, as a dying declaration, a
writing not signed by the deceased, but certified to by a jus-
tice of the peace as containing the statement made by the
deceased, in the absence of testimony that the deceased did
make the statement contained in the writing and believed at
the time that his death was imminent and that he enter-
tained no hope of recovery. Such a paper should not be admit-
ted *per se* as independent evidence of a dying declaration.

2. When the prosecution offers a dying declaration of the
deceased in evidence it should first be shown to the satisfac-
tion of the court that at the time the declaration was made
the deceased not only considered himself in imminent danger
of death, but must be without hope of recovery, and the cir-
cumstances under which the statement was made should be
shown in order that the court may determine whether the
statement should go to the jury as a dying declaration.

Writ of error to the Circuit Court for Wakulla
County.

The facts of the case are stated in the opinion of the
Court.

*Nat R. Walker,* for Plaintiffs in Error.

*William B. Lamar,* Attorney-General, for the State.

MABRY, J.

Plaintiffs in error and one Enos Green were indicted
for murder in the second degree, and upon the trial Henry
and Caspar were convicted of murder in the third degree,
and Enos was acquitted. The convicted parties have sued
out a writ of error to have the case against them reviewed
in this court.

Patrick Lee was shot in a house where a "festival" was going on, and died. The court admitted as a dying declaration an oral statement of the deceased in reference to who shot him and the way in which it was done, made to a witness, named Wheeler Donaldson, over an objection by the defendants that the proper predicate had not been laid. The witness Donaldson testified to certain statements of the deceased as to his living, made just before he died. The State also offered in evidence the following writing, viz:

"STATE OF FLORIDA,
    WAKULLA COUNTY.

I, Patrick E. Lee, of St. Marks, Wakulla county, State of Florida, being of sound and clear mind, and believing that I am about to die, do make this my *ante mortem* statement concerning the shooting and wounding from which I believe that I will die. Caspar Green first started the row with me, and Caspar and the girl, Josephine Taylor, saw me and settled the question, Enos Green then comes in the house and takes it up and says, Lee, I want to see you; he says, Caspar is my brother and I want you to treat him right. I says, Enos, I am not bothering you, and if you keep on bothering me we will have a row, and he says, all right, I don't care, and says, come outside, we are man for man, you come on out here. I went on out doors and thought we would talk the matter over. He says, we are man for man and we will settle this matter. He wanted to jump on me, and I said, man go to h——, G—— d——, you, you can't whip me, it will take all you people to whip me. Then Abe Jugger called me in the house and told me not to have any fuss here. Cas-

per grabbed me in the collar and pulled me up side the wall and threw his pistol in my face, and I cut him off with my pistol, that is I shot him. I shot once and had four cartridges in my pistol. Henry Green shot me first while Casper Green had me in the collar. I did not see Henry shoot me, but believe he did, and lots of the people here saw it. Casper shot me in the stomach. I am positive as to that. When Casper shot me I turned around, and then as soon as I broke away I came on up to the house.

The foregoing *ante mortem* statement of the said P. E. Lee was made before me this the 23rd day of September, A. D. 1900.

(Seal 1st                              R. E. PATE,
(J. P. Dist.                        Justice of the Peace."
(Wakulla Co.,
(Florida.

Defendants objected to this paper going in evidence on the grounds that it did not show the deceased to be conscious at the time that his death was imminent and that he entertained no hope of recovery, and also that the same was not signed by the deceased or witnessed, but the court overruled the objections and admitted the paper in evidence. Exceptions were properly taken to the above rulings.

We are of the opinion that the court erred in admitting in evidence the writing set out above. No testimony was introduced on the subject of whether the deceased thought death imminent and was without hope of recovery at the time the alleged statement was made by him, but the writing was introduced as independent evidence. It was not signed by the deceased nor is it shown that it was read to and assented to by him as being correct. At most it is

the bare statement in writing of a person, styling himself a justice of the peace, that the deceased made the statement set out in the writing. The justice signing the paper was not produced, and gave no testimony in reference to any statement made by the deceased. He asserts under his hand and seal that such statement was made before him, but there is no statutory authority for justices of the peace to so certify dying declarations, and the certificate in this case is not entitled to be considered as proof of the facts attempted to be certified. State v. Fraunberg, 40 Iowa 555; I Greenleaf Ev. (16th edition, by Wigmore), Sec. 161. The ruling admitting this paper in evidence was clearly erroneous, and purporting, as it does, to come from an official source, had greater force in impressing the minds of the jury.

In reference to the admission of the oral statement as a dying declaration, it is only necessary at present to refer to the rule on the subject. The rule stated in Dixon v. State, 13 Fla. 636 and which has been adhered to since, is that where the prosecutor seeks to introduce a dying declaration of the deceased in evidence, it should be first shown to the satisfaction of the court that at the time the declaration was made the deceased not only evidently considered himself in imminent danger, but that he evidently believed he was without hope of recovery; and that the circumstances under which the statement was made must be shown in order that the court may determine whether the statement should be given to the jury as a dying declaration. In the case of Richard v. State, 42 Fla. 528, 29 South. Rep. 413, it is stated that such declarations are admissible in evidence when the declarant is in extremity, believes death is imminent, and is wthout any hope of recovery; and that the circumstances under which the

declarations are made should be shown, in order that the court may determine whether or not they are proper to go to the jury as dying declarations. In the last case the deceased repeatedly said that he was going to die, but the evidence further showed that he was shot three times through the body which he fully realized, and asked to be laid out on a quilt on the street and let die, saying at the time that he was shot through and through and could not live. He persisted in saying that he would die when told by physicians that his wounds were not serious, and the circumtances showed that he fully realized death to be imminent and he was without any hope of recovery.

The preliminary showing ought to be sufficient to disclose to the trial judge that the deceased was *in extremis,* believed that his death was imminent, and that he was at the time of making the declaration without any hope of living, and the facts and circumstances attending the condition of the declarant should be developed fully enough to make this clearly apparent to the court.

In the ruling admitting the writing as a dying declaration of the deceased the court erred, and the judgment will be reversed. It is so ordered.